# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MINE SAFETY APPLIANCES COMPANY, )
)
)
     Plaintiff, )
)
     v. ) C.A. No. N10C-07-241 MMJ
)
AIU INSURANCE COMPANY, et al., )
     Defendants. )
)

Submitted: September 17, 2014
Decided: September 19, 2014

Upon Defendant AIG Insurers' Exceptions to the August 29, 2014
Recommendation of the Special Discovery Master
**DENIED**

## ORDER

**JOHNSTON, J.**

On March 10, 2014, the Special Discovery Master ("Special Master") issued a Memorandum Opinion ("March 10 Order") that granted Plaintiff Mine Safety Appliances Company's ("MSA") Motion to Compel a second Rule 30(b)(6) deposition of the representative of three defendants affiliated with AIG Insurers (collectively "AIG").

On June 10, 2014, MSA filed a Motion to Sanction AIG for Refusing to Comply with the Court's March 10, 2014 Order. AIG opposed MSA's motion for sanctions, and on June 27, 2014, AIG filed a cross-motion for a protective order, sanctions, and costs. After briefing on both motions, oral argument was presented to the Special Master on July 10, 2014.

On July 16, 2014, the Special Master issued an Order ("July 16 Order") granting in part MSA's motion for sanctions, and denying AIG's cross-motion for a protective order, sanctions, and costs. In the July 16 Order, the Special Master recommended that AIG be required to pay 100 percent of MSA's reasonable fees and costs in connection with both motions subject to that ruling.[1]

On July 23, 2014, MSA filed its statement of fees and costs totaling $33,440. On July 30, 2014, AIG filed its Opposition to MSA's Statement of Fees and Costs. MSA subsequently filed a reply brief in further support of its statement of fees and costs.

On August 29, 2014, the Special Master issued a recommendation ("August 29 Recommendation") regarding MSA's statement of fees and costs. In the August 29 Recommendation the Special Master recommended that MSA be awarded its full request of $33,440. More specifically, the Special Master reasoned: (1) AIG should be required to pay for all of MSA's tasks reasonably

---

[1] The Court simultaneously is entering an Order approving the Special Master's July 16, 2014 Order.

2

related to the motions subject to the July 16 Order, both before and after the oral argument; (2) MSA's entries were sufficient to explain the tasks to which the attorneys devoted time; (3) the alleged inconsistencies in time entries should not reduce MSA's fees; (4) MSA did not include time entries that related to purely clerical matters; and (5) MSA did not include time entries that were redundant, unnecessary, or excessive.

On September 9, 2014, AIG filed Exceptions to the Special Master's August 29 Recommendation.  In its Exceptions, AIG asserts: (1) the Special Master applied the incorrect legal standard when examining MSA's statement of fees;  (2) MSA's counsel's hourly rates are unreasonable and should be lowered pursuant to the "Lodestar" Doctrine; and (3) MSA's fees should be reduced pursuant to the "hours reasonably expended" requirement of the "Lodestar" Doctrine.

In response, MSA argues the Special Master applied the correct legal standard in reviewing MSA's fees, MSA's hourly rates are reasonable, and there is no basis to reduce MSA' fees and costs.

The Order of Reference to Special Master, dated December 5, 2012, establishes the Court's proceedings when a party files an exception to a decision of the Special Master during the course of this litigation.  The Court reviews *de novo* the Special Master's Ruling.[2]  The Order of Reference also states that the Special

---

[2] Trans. ID 48202156

Master may recommend to the Court that the prevailing party on a discovery motion be awarded costs including reasonable attorneys' fees.[3] The Court will be the final arbiter of any award of attorneys' fees.[4]

As to AIG's Exceptions, AIG cites *Servino v. The Medical Center of Delaware, Inc.*,[5] in support of the use of the "Lodestar" Doctrine to determine the reasonableness of MSA's fees. However, the Court finds *Servino* to be distinguishable from the current circumstances. The award of attorney's fees in *Servino* was statutorily granted to the prevailing party of a 42 *U.S.C.* § 1988 claim.[6] In that case the Court applied the Lodestar method because The United States Supreme Court had adopted it as the appropriate method of determining reasonable attorney's fees in Section 1988 cases.[7] Here, MSA is not seeking attorney's fees after prevailing on a statutory claim. Instead, MSA has been awarded attorney's fees and costs due to Court-approved sanctions following a discovery motion. Thus, the Lodestar method is not required.

The Court finds that the Special Master applied the correct legal standard when examining MSA's statement of fees and costs in the August 29 Recommendation. As reasoned by the Special Master, Delaware trial courts

---

[3] *Id.*
[4] *Id.*
[5] 1997 Del. Super. LEXIS 254, n at *2 (Del. Super.).
[6] *Id.* at *4.
[7] *Id.* at *5-6.

should look to the eight-factor test set forth in the Delaware Lawyers' Rule of Professional Conduct 1.5(a) when assessing the reasonableness of a fee award.[8] However, if fees are awarded as a sanction, the Court need not narrowly focus on individual factors under Rule 1.5(a).[9] Rather, the Court should focus more generally on the reasonableness of the fee, given the remedial nature of the award.[10]

AIG also cites *Laymon v. Lobby House, Inc.*,[11] in support of AIG's contention that it was MSA's burden to establish a reasonable market rate for MSA's counsel's hourly rates. The Court also finds *Laymon* to be distinguishable from the current case. In *Laymon*, the plaintiff was required to bear the burden of establishing reasonable hourly rates under the Lodestar method within the context of a Section 1988 claim.[12] Because this is not a Section 1988 case, and the Lodestar method does not apply, the Court finds MSA did not have to meet a burden of establishing a reasonable market rate for counsel's hourly rates.

Instead, the Court looks to Comment 2 of Rule 1.5(a) for guidance in determining if MSA's counsel's hourly rates are reasonable. Under the title "Basis

---

[8] *Staffieri v. Black*, 2013 Del. Ch. LEXIS 322, at *9 (Del. Ch.).

[9] *In re SS & C Techs., Inc. S'holders Litig.*, 2008 WL 3271242, at *3 n.14 (Del. Ch.).

[10] *Staffieri*, 2013 Del. Ch. LEXIS 322 at *10; *see also, Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch.).

[11] 2009 U.S. Dist. LEXIS 38680, at *7-8 (D. Del.).

[12] *Id.* at *6.

of Rate or Fee", Comment 2 states: "When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee and the expenses for which the client will be responsible."[13] This comment indicates that one way of determining reasonableness of fees is whether the client understands they will be responsible for such fees. In support of this, MSA stated in its opposition to AIG's Exceptions that all time incurred by MSA's counsel in relation to the sanctions has been billed to MSA.

Additionally, looking more generally at total MSA's fees, the Court finds MSA's fees to be reasonable. As the Special Master concluded, tasks taking place after the oral argument were reasonably related to MSA's motion and allowed for in the July 16 Order. The Court also finds that MSA's time entries sufficiently advise the Court as to the task being completed. Despite MSA's use of various verbs, there were no descriptions that left the Court unsatisfied as to what task was being completed. Similarly, the Court finds MSA's explanations as to the nature of any disputed work to be credible. Thus, AIG is not paying for purely clerical tasks. Finally, the Court finds AIG is not paying for redundant and unnecessary tasks, or excessive time. Given the complex nature of this litigation, and AIG's addition of a cross-motion, the time spent on briefing is neither excessive nor unnecessary.

---

[13] DLRPC 1.5(a) cmt. 2.

The Court finds that the Special Master carefully considered all issues raised by the parties. The August 29 Recommendation is consistent with applicable legal precedent and the Delaware Superior Court Civil Rules. This Court is not persuaded by any exceptions to the ruling. Upon *de novo* review, the Court finds the Special Master's recommendation for fees and costs to be well-reasoned.

**THEREFORE**, the Special Discovery Master's August 29, 2014 Recommendation is hereby **APPROVED**. All exceptions are hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston